ALEX HARJO, BENEFICIARY AND TRANSFEREE, ESTATE OF NITEY, SEMINOLE ROLL #1446, DECEASED, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 77020. Promulgated April 30, 1936.

*H. Stanley Hinrichs, Esq.*, for the petitioner.
*L. S. Pendleton, Esq.*, for the respondent.
*Talma L. Smith, Esq.*, as *amicus curiae*.

SMITH: This is a proceeding for the determination of the liability of the petitioner as transferee for an estate tax due from the estate of Nitey, a restricted full-blood Seminole Indian.

The respondent determined a deficiency against the estate of Nitey in the amount of $29,216.55. No tax has been paid by the estate. The respondent issued notices of deficiency to the petitioner herein, who was the husband of the decedent, to each of her five children, and to the Superintendent of the Five Civilized Tribes. So far as the record appears the petitioner is the only one who has appealed to this Board from the determination of the respondent that he is liable for the tax as transferee. The petition was signed by George H. Zeutzius as counsel for the petitioner. The petition alleges:

The petitioner Alex Harjo is a restricted ¾'s blood Seminole Indian and widower of the decedent Nitey who was a restricted full-blood Seminole Indian; petitioner is also a beneficiary and transferee of part of decedent's estate, having received or having had transferred to his credit under a settlement approved by the Secretary of the Interior $125,000, less certain claims and expenses of approximately $40,000. Petitioner resides at Sasakwa, Oklahoma.

The petition is verified as follows:

William Zimmerman, Jr., being duly sworn, says that he is the duly appointed and qualified Assistant Commissioner of Indian Affairs and has under his supervision and jurisdiction the affairs of the Five Civilized Tribes in Oklahoma, including the Seminole Tribe; that as such Commissioner he is the representative of the Secretary of the Interior; that under the law, as he is informed and believes, it is the duty of the Secretary of the Interior to supervise and pay, as well as make report, of any taxes which may be due and owing by restricted members of the Seminole tribe of Indians; that the above named petitioner is a member of the Seminole tribe of Indians and is restricted; that decedent was also a restricted Seminole Indian, of full-blood; that he has read the foregoing petition and is familiar with the facts therein stated and that said statements and facts are true as he verily believes.

The facts necessary to the determination of the issues have been stipulated before the Board as follows:

1. It is agreed that the decedent, Nitey, was a full-blooded Seminole Indian, enrolled opposite Seminole No. 1446, and at the time of her death, August 17, 1930, was under full restrictions as to all of her real estate and personal property; that she was incompetent, and by decree of a competent court of the State of Oklahoma, her guardian was Lynn Adams.

2. That during her lifetime decedent Nitey was allotted, in Seminole County, Oklahoma, 240 acres of land under the Seminole Agreement dated October 7, 1899, and confirmed by an Act of Congress dated June 2, 1900 (31 Stat. 250), which lands are described as

The NE/4 of Section 2, Township 7 North, Range 6 East, containing 160 acres, and

The E/2 of the SE/4 of Section 35, Township 8 North, Range 6 East, containing 80 acres;

of which Lot 1, or the northeast quarter of the northeast quarter of said Section 2 (a part of said tract of land) was allotted to decedent Nitey as her homestead. All of said tract of 240 acres of land was, at the time of decedent Nitey's death, and still is, restricted as to sale, lease or other encumbrance without the approval of the Secretary of the Interior, under the Acts of Congress dated April 26, 1906 (34 Stat. 137) and May 27, 1908 (35 Stat. 312).

3. That during the year 1922 an oil and gas lease was entered into between said Nitey and Guy M. Buckner, under date of January 28, 1922, and approved by the Secretary of the Interior on March 31, 1922, for a period of ten years, or as long as oil and gas is found in paying quantities, covering the northeast quarter of Section 2, Township 7 North, Range 6 East, which is now owned by the Indian Territory Illuminating Oil Company, Bartlesville, Oklahoma, as to the N/2 of the NE/4 and SW/4 of NE/4 of Section 2–7N–6E, designated on the records of the office as lease No. 45164; Lease No. 44999 to the Gladys Belle Oil Company as to the E/2 SE/4 of Sec. 35, Township 8 North, Range 6 East, now owned by the Blackwell Oil & Gas Company, dated January 28, 1922, and approved March 18, 1922; Lease No. 45164 was further assigned to the Amerada Petroleum Corporation as to the SE/4 of NE/4 of Section 2–7N–6E. The whole area was leased in 1922. Production was had in 1927, and the land is still producing oil and gas in paying quantities.

4. That at the time of her death the receipts that were credited to her account and held by the Secretary of the Interior in trust for her were as follows:

| | |
|---|---:|
| Transfers | $328. 15 |
| Pipe Line Damages | 184. 25 |
| Redeposits and refunds | 4, 356. 49 |
| Interest: | |
| Open account | $37, 133. 09 |
| Treasury Bonds | 10, 125. 00 |
| Rentals, surface | 262. 50 |
| A ⅓ inherited interest in her husband's allotment, oil and gas royalties | 55, 629. 51 |
| Surplus, derived from Section 35 | 324, 922. 19 |
| Surplus and Homestead in Section 2, Surplus from NW NE Sec. 2 | 34, 103. 89 |
| Homestead | 102, 311. 68 |
| Surplus, SE NE of Section 2 | 197, 937. 21 |
| Total receipts to date of death | 767, 294. 21 |
| Interest | 2, 502. 40 |
| | 769, 796. 61 |
| Less Disbursements | 255, 565. 21 |
| Balance on hand at time of death | 514, 231. 40 |

Nitey inherited an undivided ⅓ interest in the estate of her husband, John Hayecha, Seminole No. 1445, and the interest in oil and gas derived and produced from this allotment has been credited to her account. The description is the E/2 SE and SW SE of Section 26, Township 8/N., Range 6 East. SE SE being the homestead.

The following table shows the amount of the receipts and the balance left after applying the ratio or percentage of the total receipts bore to the total disbursements.

| | | | |
|---|---:|---:|---:|
| Pipe Line Damages | 184. 25 | 65. 88 | 118. 37 |
| Rentals, surface | 262. 50 | 93. 68 | 168. 82 |
| John Hayecha | 55, 629. 51 | 19, 891. 94 | 35, 737. 57 |
| Surplus, Sec. 35 | 324, 922. 19 | 116, 185. 64 | 208, 736. 55 |
| Surplus, NW NE | 34, 103. 89 | 12, 194. 87 | 21, 909. 02 |
| NE NE Homestead | 102, 311. 68 | 36, 584. 52 | 65, 727. 16 |
| Surplus SE NE | 197, 937. 46 | 70, 548. 68 | 127, 388. 78 |
| Totals | 715, 351. 48 | 255, 565. 21 | 459, 786. 27 |

From the above tabulation it is shown that after deducting the ratio applicable to the homestead from the disbursements that there is a balance of $65,727.16 left in the estate of the decedent. The disbursement of $255,565.21 includes an item of $200,000.00 used for the purchase of bonds which are a part of the estate.

5. That at the time of her death the said decedent Nitey left surviving her, her husband Alex Harjo, the petitioner herein, who is a three-quarter blood Seminole Indian and enrolled opposite Seminole No. 176, together with five (5) children, who are all full blooded Seminole Indians, of whom at least three (3) were born after March 4, 1906.

6. That all of the funds belonging to the decedent, Nitey, at the time of her death were then, and have been at all times since then retained by the Superintendent for the Five Civilized Tribes under the supervision of the Secretary of the Interior in trust for the heirs of the said Nitey, and inasmuch as said heirs, including the petitioner herein, are fully restricted under the Acts of Congress, no distribution has been made of the property and estate of the said Nitey, deceased, and any and all allotments to the heirs of said Nitey, deceased, from the funds of said Nitey's estate, are made in the sole discretion of the Secretary of the Interior without the appointment of any administrator or executor.

7. That following the death of the deceased, Nitey, there has been allotted to Alex Harjo, the petitioner herein, as his share of the estate of the said decedent, Nitey, the sum of $125,000.00 less certain claims and expenses of approximately $40,000.00, but all of said funds are retained by the Secretary of the Interior in trust for the petitioner herein, except such payments as are made to him from time to time for his maintenance and support, which payments are made in the sole discretion of the Secretary of the Interior.

In *Helen Dean Wright*, 28 B. T. A. 543, we said:

We have repeatedly held that a transfer of assets does not necessarily result in transferee liability, and indeed does not result in such liability unless the taxpayer is thereby rendered insolvent and unable to pay the tax. *Samuel Keller*, 21 B. T. A. 84; affd., 59 Fed. (2d) 499; *Charles Havard*, 25 B. T. A. 1161; *M. H. Graham*, 26 B. T. A. 301. See also *United States* v. *Armstrong*, 26 Fed. (2d) 227. So long as the original taxpayer is in existence and solvent, collection of the tax may not be enforced from a transferee. The remedy against the transferee may be pursued only when there is no available remedy against the transferor. *Wire Wheel Corporation of America*, 16 B. T. A. 737; affd., 46 Fed. (2d) 1013.

There was no liability on the part of these petitioners as transferees until the assets of the decedent's estate had been distributed to them and the estate left without means to pay its tax.

At the hearing of this proceeding counsel for the respondent stated:

* * * in order to establish the transferee liability, I would have to show that the estate of this deceased Indian is insolvent; and I am unable to maintain that burden because the facts show that there is in the hands of the Secretary of the Interior over half a million dollars in cash alone that belongs, which was a part of and belonged to this decedent prior to her death.

He then called attention to the verification of the petition by the Assistant Commissioner of Indian Affairs and stated:

In view of the fact that the petition has been verified by an agent of the Secretary of the Interior, who admits or states under oath the Secretary of the Interior is the proper agent and is the person to pay this tax, it seems to me that the person primarily liable for the tax here is before the Board.

We will consider this last contention of the respondent first. The respondent sent his deficiency notice to "Alex Harjo, beneficiary and transferee, Sasakwa, Oklahoma." The respondent proposed to collect the tax from Alex Harjo and from no one else. If it could be collected upon the basis of the deficiency notice referred to it would have to be collected out of the portion of the estate that had been transferred to Alex Harjo. The petition plainly states that Alex Harjo and no one else is the petitioner. The mere fact that it was verified by the Assistant Commissioner of Indian Affairs, who stated that he was the representative of the Secretary of the Interior and that under the law "as he is informed and believes, it is the duty of the Secretary of the Interior to supervise and pay, as well as make report, of any taxes which may be due and owing by restricted members of the Seminole tribe of Indians" does not make either the Assistant Commissioner of Indian Affairs or the Secretary of the Interior the petitioner before this Board in this proceeding. The contention of the respondent upon this point is without merit.

We next consider the question whether the petitioner is liable for the tax as transferee. It is to be noted as shown by the stipulated facts that the estate is intact and in the hands of the Secretary of the Interior, who is the executor or administrator of the estate of Nitey. Since it is not shown that the tax can not be collected from the person acting as the executor or administrator, it must be held that the petitioner is not liable as transferee.

*Judgment of no transferee liability will be entered.*